IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:24-CR-00120- |
| § | SDJ-KPJ |
| JOHNATHON D. CAUDILL (1) § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Johnathon D. Caudill's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on June 10, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto of the Federal Public Defender's Office. The Government was represented by Marisa Miller.

Defendant was sentenced on March 2, 2012, before The Honorable John McBryde of the Northern District of Texas after pleading guilty to the offense of Enticement of a Child, a Class A felony. This offense carried a minimum statutory term of imprisonment of 10 years and a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 35 and a criminal history category of I, was 168 to 210 months. Defendant was subsequently sentenced to 180 months imprisonment followed by a Life term of supervised release subject to the standard conditions of release, plus special conditions to include sex offender treatment, no contact with minors under the age of 18, not possess pornography, not loiter near places frequented by children, register as a sex offender, not possess or utilize a computer or an internet connection device including gaming devices, and a $100 special assessment. On November 1, 2023, he completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas, Sherman Division. On May 15, 2024, the conditions of

REPORT AND RECOMMENDATION – Page 1

supervision were modified to include mental health treatment to include taking any medication prescribed to him. On May 24, 2024, jurisdiction of this case was transferred, and the case was reassigned to The Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas. (Dkt. #5 at p. 1, Sealed).

On May 28, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #2, Sealed). The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) <u>Mandatory Condition</u> Defendant shall not commit another federal, state, or local crime; (2) <u>Special Condition</u> Defendant shall neither possess, nor have under his control, any pornographic matter or any matter that sexually depicts minors under the age of 18 including, but no limited to, matter obtained through access to any computer and any matter linked to computer access or use; (3) <u>Special Condition</u> Defendant shall not possess, have access to, or utilize a computer or internet connection device including, but not limited to Xbox, PlayStation, Nintendo, or similar device without permission of the Court; (4) <u>Special Condition</u> Defendant shall participate in sex-offender treatment services as directed by the probation officer until successfully discharged, which services may include psycho-physiological testing to monitor the Defendant's compliance, treatment progress, and risk to the community, contributing to the costs of services rendered at a rate of at least $25 per month; and (5) <u>Standard Condition</u> Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. (Dkt. #2 at pp. 1–3, Sealed).

The Petition alleges that Defendant committed the following acts: (1) Defendant committed the offense of Solicitation of Prostitution, a state jail felony, in violation of Texas Penal Code § 43.021. At the time the Petition was filed, no arrest or formal charges have been filed in this matter. On May 23, 2024, Defendant contacted the U.S. Probation Officer, via telephone, to

provide several disclosures prior to undergoing a polygraph examination scheduled for May 30, 2024. One of the disclosures was that during this term of supervision, Defendant paid a female escort in exchange for sex on four separate occasions. The U.S. Probation Office instructed Defendant to report to the office the following day. On May 24, 2024, Defendant presented himself at the U.S. Probation Office in Plano, Texas as instructed. During this visit, Defendant admitted to the U.S Probation Officer he utilized the Internet on his cellular flip phone to search "Dallas Escorts" through Microsoft Bing. Defendant stated that search led him to the website "Escort Alligator." Defendant admitted verbally and in writing that he paid an escort in exchange for sex on four occasions since being placed on supervision between February 2024 and April 2024. Defendant also admitted he specifically searched for "bare services" and "cream pies" when searching for an escort. According to Defendant, he met up with the escorts at a Motel 6 located in Dallas, Texas and a Holiday Inn located in Addison, Texas that was paid by the escorts. Defendant stated that he paid the escorts $200.00 or more in cash in exchange for sexual services; (2) On November 4, 2023, during an office visit, the U.S. Probation Office reviewed the conditions of supervised release with Defendant, and Defendant was advised he was not allowed to have any devices with Internet capability without approval from the court. Defendant signed the conditions and verbally stated he understood the conditions imposed. On May 10, 2024, Defendant presented himself at the U.S. Probation Office in Plano, Texas for an office visit. During this visit, Defendant admitted he utilized an Amazon Firestick (which was approved for him to watch sports only) to view pornography. Specifically, Defendant watched videos of porn models and celebrities using search engine Microsoft Bing through the Amazon Firestick. On May 13, 2024, the U.S. Probation Office confiscated the Amazon Firestick to impede continued access to sexually explicit material through this device; (3) On November 4, 2023, during an office visit, the U.S. Probation Office

reviewed the conditions of supervised release with Defendant, and Defendant was advised he was not allowed to have any devices with Internet capability without approval from the court. Defendant signed the conditions and verbally stated he understood the conditions imposed. On May 24, 2024, Defendant presented himself at the U.S. Probation Office in Plano, Texas for an office visit. During this visit, Defendant admitted to the U.S Probation Officer he accessed the Internet on his cellular flip phone to search "Dallas Escorts" through the Microsoft Bing browser application on his phone. Additionally, Defendant admitted he had been accessing the Internet through his flip phone and the Amazon Firestick since being placed on supervision without prior approval from the court or the U.S. Probation Office. Defendant had not previously disclosed this phone had Internet capability; (4) Defendant admitted to viewing pornography in some form or fashion and admitted to paying cash in exchange for sex on four occasions. Additionally, Defendant admitted he used the Internet on his phone since being placed on supervision without prior approval. Defendant's sex-offender treatment therapist, F. Liles Arnold, stated this conduct is in contrast to the treatment program and that Defendant will be terminated from said program unsuccessfully. As such, Defendant has failed to participate in a sex-offender treatment program successfully; and (5) During his term of supervision, Defendant was questioned during each home visit and office visit whether he possessed/utilized an unauthorized device to access the Internet or if he had viewed pornography. Defendant denied both questions each time. As such, Defendant failed to answer the U.S. Probation Office's inquiries truthfully. (Dkt. #2 at pp. 1–3, Sealed).

    Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to all allegations in the Petition. Having considered the Petition and the plea of true to all allegations, the court finds that Defendant did violate his conditions of supervised release.

REPORT AND RECOMMENDATION – Page 4

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

### **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twelve (12) months, followed by four (4) months in a residential halfway house, with a Life term of supervised release to follow.

All prior conditions imposed in the original judgment are reimposed here. The court recommends imposing the following special conditions: (1) You must not purchase, possess, have contact with, or otherwise use any device that can be connected to the Internet or used to store digital materials, other than that approved by the U.S. Probation Office. You must allow the U.S. Probation Office to install software on any approved device that is designed to record any and all activity on the device the defendant may use, including but not limited to capture of keystrokes, application information, Internet use history, e-mail correspondence, pictures, and chat conversations. You will pay any costs related to the monitoring of their authorized device and must advise anyone in your household that may use any authorized device in question that monitoring software has been installed. If you need access to an employer-owned, Internet-equipped device for employment purposes, you must advise your probation officer before using the device. The probation officer will ensure your employer is aware of your criminal history, and you must agree to use the device for work purposes only; (2) You must not attempt to remove, tamper with, or in any way circumvent the monitoring software. You must disclose all on-line account information, including usernames and passwords, to the U.S. Probation Office. You must also, if requested, provide a list of all software/hardware on your computer, as well as telephone, cable, or Internet

service provider billing records, and any other information deemed necessary by the probation office to monitor your computer usage; (3) You must participate in a program of testing and treatment for alcohol abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (4) You must abstain completely from the use of alcohol during the term of supervised release. You must also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment; (5) You must submit to a search of your person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of your conditions of supervision; and (6) You must reside in a Residential Reentry Center or similar facility, in prerelease component, for a period of 4 months, to commence upon release from confinement, and you must observe the rules of that facility. Should you obtain a residence approved by the probation officer during the 4-month placement, you must be released.

The court also recommends that Defendant be housed in a Bureau of Prisons facility in the Rochester, Minnesota area, if appropriate.

**SIGNED this 8th day of July, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE